# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| D.C.H., a minor child by next friend Joseph C. Hayes, JOSEPH C. HAYES, and GAYL HAYES, | * * * * | |
| Plaintiffs, | * * | |
| vs. | * * | CV 212-066 |
| CARLOS G. JONES, JR. and CAMDEN COUNTY SCHOOL DISTRICT, | * * * | |
| Defendants. | * | |

## ORDER

Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint.  See Dkt. No. 18.  Upon due consideration, Defendants' Motion to Dismiss is **GRANTED.**

## I.  FACTUAL BACKGROUND

This case arises out of injuries resulting from Defendants' alleged negligence.  For purposes of this Motion to Dismiss, the allegations in Plaintiffs' Complaint are taken as true.  Mohamad v. Palestinian Auth., 132 S. Ct. 1702, 1705 (2012).

1

Plaintiff DCH ("DCH") is the minor child of Plaintiffs Joseph and Gayl Hayes ("Plaintiffs Hayes"). Dkt. No. 18 ¶ 23. Camden County High School ("School") is part of the Camden County, Georgia, school district ("District"). Id. ¶¶ 3, 6.

In October 2009, Plaintiff DCH was a fifteen-year-old sophomore student at the School. Id. ¶ 6. DCH attended shop class at the School. Id. ¶ 7. On October 29, 2009, DCH worked on a welding project. Id. At some point, DCH's welder stopped working. Id. DCH notified his teacher, Defendant Jones, of this problem. Id. ¶ 8.

Defendant Jones told DCH to climb a twenty (20) foot ladder and flip a switch to return the power to the welder. Id. DCH complied. Id. ¶ 9. Specifically, DCH placed the ladder against the wall. Id. He then climbed the ladder. Id. The ladder moved. Id. ¶ 11. As a result, DCH fell twenty (20) feet onto the shop classroom's concrete floor. Id. DCH sustained "various injuries" from the fall. Id. ¶ 12.

Defendant Jones did not ask anyone to hold the ladder while DCH worked to return power to the welder. Id. ¶ 10.

AO 72A
(Rev. 8/82)

## III. PROCEDURAL BACKGROUND

Plaintiffs filed their original Complaint in the Superior Court of Camden County, Georgia, on October 27, 2011. See Dkt. No. 1-1. Defendants removed the case to this Court on March 21, 2012 on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. See Dkt. No. 1. Thereafter, the Court granted Plaintiffs' motion to amend their Complaint. See Dkt. No. 21. Plaintiffs filed their Amended Complaint on May 14, 2012. See Dkt. No. 18.

Plaintiffs' Amended Complaint asserts violations of federal and state law.[1] Specifically, Plaintiffs allege that Defendants' failure to provide a "safe and secure learning environment" for DCH violated the Fourteenth Amendment's Due Process Clause. See id. ¶¶ 5, 14, 19-21; see also Dkt. No. 23-1, at 3 (clarifying intent to assert violation of Fourteenth Amendment's Due Process Clause). Plaintiffs bring this claim pursuant to 42 U.S.C. § 1983. Dkt. No. 18 ¶ 3. Plaintiffs also bring state law

_____

[1] Although represented by counsel, Plaintiffs' Amended Complaint lacks clarity. Despite the nature of the Plaintiffs' Amended Complaint, the Court has tried to accurately present the claims asserted.

3

claims of negligence and negligence per se. <u>See</u> Dkt. No. 18
¶¶ 13-18.

Plaintiffs seek damages for these alleged violations.
Plaintiffs Hayes seek damages for the loss of services of their
minor child (Count 1) and for medical expenses incurred to treat
DCH's injuries (Count 2). DCH seeks damages for his past and
future pain and suffering (Count 3). Plaintiffs seek attorney's
fees pursuant to 42 U.S.C. § 1988 (Count 4).

Currently before the Court is Defendants' Motion to Dismiss
Plaintiffs' Amended Complaint. Dkt. No. 22. This motion has
been fully briefed. <u>See</u> Dkt. Nos. 23, 25.

## IV. LEGAL STANDARD

In considering a motion to dismiss brought pursuant to Rule
12(b)(6) of the Federal Rules of Civil Procedure, the district
court must "construe[] the complaint in the light most favorable
to the plaintiff and accept[] all well-pled facts alleged . . .
in the complaint as true." <u>Sinaltrainal v. Coca-Cola Co.</u>, 578
F.3d 1252, 1260 (11th Cir. 2009). To survive a motion to
dismiss for failure to state a claim under Rule 12(b)(6), a
complaint need not contain "detailed factual allegations" but
must include enough facts to raise a right to relief above the

4

"speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must allege "enough facts to state a claim to relief that is plausible on its face," meaning that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Speaker v. U.S. Dep't of Health & Human Servs., 623 F.3d 1371, 1380 (11th Cir. 2010).

## V. DISCUSSION

### A. Federal Law Claims

Plaintiffs bring Fourteenth Amendment claims against the District and Defendant Jones pursuant to 42 U.S.C. § 1983. See generally Dkt. No. 18. Specifically, Plaintiffs assert that Defendants denied Plaintiffs' due process rights by failing to provide a "safe and secure learning environment" for DCH. See id. ¶¶ 13-22.

Defendants moved to dismiss these claims. For the reasons stated below, Plaintiffs' § 1983 claims are **DISMISSED**.

#### 1. Legal Standard

"The Due Process Clause was intended to prevent government officials from abusing their power, or employing it as an

5

AO 72A
(Rev. 8/82)

instrument of oppression." Davis v. Carter, 555 F.3d 979, 981 (11th Cir. 2009) (quoting Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)) (quotation marks and alteration omitted). However, the substantive due process clause does not impose an affirmative duty to protect a person from harm not directly inflicted by the state itself. DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 200 (1989).

An affirmative duty to protect arises "where the state has a custodial relationship with the individual." Davis, 555 F.3d at 982 n.2 (citing DeShaney, 489 U.S. at 198-99). Thus, for example, the duty arises when the state takes custody of prisoners, arrestees, and persons involuntarily committed to mental institutions. See Estelle v. Gamble, 429 U.S. 97 (1976) (prisoners); City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983) (arrestees); Youngberg v. Romeo, 457 U.S. 307 (1982) (involuntarily committed persons). However, "compulsory school attendance laws do not constitute a restraint on personal liberty sufficient to give rise to such an affirmative duty" to protect. Davis, 555 F.3d at 982 n.2 (citing Wyke v. Polk Cnty. Sch. Bd., 129 F.3d 560, 569 (11th Cir. 1997). But see Taylor ex. rel. Walker v. Ledbetter, 818 F.2d 791, 797 (11th Cir. 1987) (en banc) (holding that a child involuntarily placed in a foster

6

home is analogous to "prisoner in a penal institution and a child confined in a mental health facility" such that foster child may bring a § 1983 action for violation of her Fourteenth Amendment rights).

The Fourteenth Amendment's Due Process Clause "does not transform every tort committed by a state actor into a constitutional violation." DeShaney, 489 U.S. at 202; see Lewis, 523 U.S. at 849 ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." (citations omitted)); Davis, 555 F.3d at 982 ("[T]he Fourteenth Amendment is not a 'font of tort law' that can be used, through section 1983, to convert state tort claims into federal causes of action." (citing Neal v. Fulton Cnty. Bd. of Educ., 229 F.3d 1069, 1074 (11th Cir. 2000))).

"Conduct by a government actor will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience-shocking in a constitutional sense." Id. (citing Lewis, 523 U.S. at 847). "The concept of conscience-shocking conduct 'duplicates no traditional category of common-law fault, but rather points

7

clearly away from liability, or clearly toward it, only at the ends of the tort law's spectrum of culpability.'" Id. (quoting Lewis, 523 U.S. at 848). "To rise to the conscience-shocking level, conduct most likely must be 'intended to injure in some way unjustifiable by any government interest.'" Id. (quoting Lewis, 523 U.S. at 849).

2. Application

Plaintiffs allege that their constitutional rights were violated because Defendants breached their duty to provide DCH with a "safe learning environment." Dkt. No. 18 ¶¶ 13-22. However, DCH was not in the School's custody. See Davis, 555 F.3d at 982 n.2. Therefore, Defendants' had no affirmative duty to protect him from harm that they did not cause. See DeShaney, 489 U.S. at 197-98 (finding that no constitutional duty of protection arises from a state's "special relationship" with a particular individual if the state played no part in creating the danger posed to the individual); see also Davis, 555 F.3d at 982 (applying rule from DeShaney).

To the extent that Defendant Jones's actions caused DCH's harm, Plaintiffs do not allege that Defendant Jones acted with the "intent to injure" DCH. See Davis, 555 F.3d at 982.

8

Instead, Plaintiffs allege that Defendant Jones acted negligently. See Dkt. No. 18 ¶¶ 13-22 (alleging that Defendant Jones breached his duty of care). Negligence alone does not violate Plaintiffs' rights to due process. Allen v. Sch. Bd. of Broward Cnty., Fla., 782 F. Supp. 2d 1340, 1347 (S.D. Fla. 2011) ("[T]he Eleventh Circuit has determined that mere negligence or deliberate indifference will not amount to a substantive due process claim under the Fourteenth Amendment even when the injury results in death." (citation omitted)). To establish such violation, Plaintiffs must allege facts sufficient to show "arbitrary or conscience-shocking" conduct. See Davis, 555 F.3d at 982. They failed to do so.

A review of cases in the school setting reveals that Defendants' alleged conduct was not "conscience-shocking." For example, conscience-shocking, constitutional violations occurred in Neal ex rel. Neal v. Fulton Cnty. Bd. of Educ., 229 F.3d 1069 (11th Cir. 2000) and Kirkland ex rel. Jones v. Greene Cnty. Bd. of Educ., 347 F.3d 903 (11th Cir. 2003). In Neal, a high school coach intentionally punished a student by striking him with a metal weight lock. Neal, 229 F.3d at 1071. The blow knocked the student's eye out of its socket. Id. In finding a violation of the student's substantive due process rights, the

9

Eleventh Circuit reasoned that the school official "intentionally us[ed] an obviously excessive amount of force that presented a reasonably foreseeable risk of serious bodily injury." Id. at 1076. The school official's excessive corporal punishment formed the basis of the Eleventh Circuit's holding. Id. Similarly, in Kirkland, a high school principal violated a student's constitutional rights by striking the student with a metal cane in the head, ribs, and back for disciplinary reasons. Kirkland, 347 F.3d at 904-05.

By contrast, no conscience-shocking, constitutional violations occurred in Nix v. Franklin Cnty. Sch. Dist., 311 F.3d 1373 (11th Cir. 2002) or Davis v. Carter, 555 F.3d 979 (11th Cir. 2009). In Nix, a high school teacher told his students to hold a live wire during a voltage-reading demonstration in his electromechanical class. Nix, 311 F.3d at 1374. The teacher warned his students that they might die if they accidently touched the exposed part of the wire. Id. The teacher increased the power to the wire, then turned away to answer a question. Id. When the teacher turned back to the students, he saw that one student had touched the wire and could not breathe. Id. The Eleventh Circuit found no violation of the student's substantive due process rights. Nix, 311 F.3d at

10

1375. In so holding, the court emphasized that mere negligence is insufficient to sustain a constitutional claim, while actions intended to injure and that are unrelated to any governmental interest are likely to rise to the conscience-shocking level. Id. at 1375. In denying relief to the plaintiffs, the Eleventh Circuit characterized its precedents as "explicit in stating that 'deliberate indifference' is insufficient to constitute a due-process violation in a non-custodial setting." Id. at 1377. The court stated that "[o]nly in the limited context of due-process claims based on excessive corporal punishment has this court held that the intentional conduct of a high-school educator may shock the conscience." Id. at 1378 (emphasis added).

Similarly, in Davis, a high school student died after football practice. Davis, 555 F.3d at 981. The student's parents alleged that the school's football coaches deprived of their son of water even though he exhibited signs of overheating. Id. The parents also alleged that, even after seeing their son collapse on the football field, the coaches failed to assist him or summon medical assistance. Id. On these facts, the Eleventh Circuit found that the coaches did not violate the student's constitutional rights because they did not

11

engage in corporal punishment, physically contact the student, or otherwise "act[] willfully or maliciously with an intent to injure" the student. Id. at 984. The Eleventh Circuit noted that the coaches "were deliberately indifferent to the safety risks posed by their conduct." Id. However, the court found that such "allegations of deliberate indifference, without more, [did] not rise to the conscience-shocking level required for a constitutional violation." Id.

Plaintiffs do not allege that Defendant Jones physically contacted DCH. Nor do Plaintiffs allege that Defendant Jones intended to punish DCH in any way. Thus, Defendant Jones's actions were not the type of intentional and excessive corporal punishments inflicted by the school officials in Neal and Kirkland.

Moreover, Defendant Jones's alleged conduct is considerably less conscience-shocking than the deliberate indifference shown by the coaches in Davis. Plaintiffs' Amended Complaint confirms this view, as it only contains allegations of negligence. The coaches in Davis saw that the student suffered from heat exhaustion. The coaches also saw the student collapse on the field. Even so, their failure to provide or summon medical assistance was insufficient to state a viable cause of action

12

under § 1983. Unlike the knowledge of impending danger present in _Davis_, Plaintiffs do not allege that Defendant Jones knew that the ladder would be unstable. Nor do they allege that Defendant Jones failed to react after seeing the ladder slip. If—despite knowledge of impending danger to a student—the actions of the coaches in _Davis_ did not violate the Due Process Clause, Defendant Jones's allegedly negligent actions—without knowledge of actual or impending danger—do not do so.

Defendant Jones's alleged negligence is most similar to the teacher's negligent actions in _Nix_. In _Nix_, the teacher put his students in a potentially dangerous situation and failed to monitor them closely. Similarly, Defendant Jones put DCH in a potentially dangerous situation and failed to monitor or otherwise assist DCH. If no violation of the student's substantive due process rights was present in _Nix_, it is not present here.

Although the outcome of Defendant Jones's alleged negligence is truly unfortunate, his alleged negligence did not violate the Due Process Clause. Thus, Plaintiffs fail to state a claim upon which relief can be granted. Consequently, Plaintiffs' federal law claims against Defendants are **DISMISSED**.

13

AO 72A
(Rev. 8/82)

B. State Law Claims

Plaintiffs assert state law negligence claims against Defendants. See Dkt. No. 18 ¶¶ 13-18. Defendants moved to dismiss these counts, asserting that (1) the District and Defendant Jones in his official capacity[2] are entitled to sovereign immunity and (2) Defendant Jones in his individual capacity is entitled to official immunity. See Dkt. No. 22-1, at 7-12. For the reasons stated below, Plaintiffs' state law claims are **DISMISSED**.

    1. Sovereign Immunity

        a. Legal Standard

The Eleventh Amendment prohibits suit brought by an individual in federal court against a state and its agencies

---

[2] The Amended Complaint does not specifically denote whether Defendant Jones is sued in his individual or official capacity. See generally Dkt. No. 18. However, plaintiffs "are not required to designate with specific words in the pleadings that they are bringing a claim against defendants in their individual or official capacities, or both." Young Apartments, Inc. v. Town of Jupiter, Fla., 529 F.3d 1027, 1047 (11th Cir. 2008). "When it is not clear in which capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed." Id. (quoting Jackson v. Georgia Dep't of Trans., 16 F.3d 1573, 1575 (11th Cir. 1994)). Based upon the allegations in the Amended Complaint, the Court assumes for the purposes of this Order that Plaintiffs intended to sue Defendant Jones in both his official and individual capacities.

14

AO 72A
(Rev. 8/82)

unless the state either consents to suit or waives its immunity.
Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984).
Eleventh Amendment immunity extends to state officials,
employees, and other entities properly described as "arms of the
state." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429
U.S. 274 (1977); Fouche v. Jekyll Island State Park Auth., 713
F.2d 1518 (11th Cir. 1983). In determining whether a defendant
is an "arm of the state" for purposes of Eleventh Amendment
immunity, federal courts must examine the state law which
creates and defines the particular entity. Brown v. East
Central Health Dist., 752 F.2d 615, 617 (11th Cir. 1985).

     b. Application

       *i. The District*

With respect to the State and its departments and agencies,
the Georgia Constitution states that, unless properly waived,
"sovereign immunity extends to the state and all of its
departments and agencies." Ga. Const. art. I, § 2, ¶ IX(e).
Public school districts are political subdivisions of the State
of Georgia. Crisp Cnty. Sch. Sys. v. Brown, 487 S.E.2d 512, 514
(Ga. Ct. App. 1997). Therefore, such school districts are
vested with sovereign immunity, unless their immunity is

specifically waived. Ga. Const. art. I, § 2, ¶ IX(e); <u>McDaniel</u>
<u>v. Fulton Cnty. Sch. Dist.</u>, 233 F. Supp. 2d 1364, 1387 (N.D. Ga.
2002); <u>see also</u> <u>Wellborn v. DeKalb Cnty. Sch. Dist.</u>, 489 S.E.2d
345, 347 (Ga. Ct. App. 1997); <u>Brown</u>, 487 S.E.2d at 514.

Plaintiffs do not allege that the District's sovereign
immunity was waived. Therefore, Plaintiffs' state law claims
against the District are barred by the Georgia Constitution and
the Eleventh Amendment. Consequently, these claims are
**DISMISSED**.

*ii. Defendant Jones in his Official Capacity*

Plaintiffs sued Defendant Jones in his official capacity as
a District employee. "Suits against public employees in their
official capacities are in reality suits against the state and,
therefore, involve sovereign immunity." <u>Cameron v. Lang</u>, 549
S.E.2d 341, 346 (Ga. 2001) (footnote and quotation marks
omitted). Thus, Plaintiffs' state law claims against Defendant
Jones in his official capacity are barred by the Georgia
Constitution and the Eleventh Amendment for the same reasons
that they are barred against the District. Consequently, these
claims are **DISMISSED**.

AO 72A
(Rev. 8/82)

2.  Official Immunity

   a. Legal Standard

With respect to officers and employees of the State or its

departments and agencies, the Georgia Constitution states that,

unless a State Tort Claims Act applies,

> [A]ll officers and employees of the state or its
> departments and agencies may be subject to suit and
> may be liable for injuries and damages caused by the
> negligent performance of, or negligent failure to
> perform, their <u>ministerial</u> functions and may be liable
> for injuries and damages if they act with <u>actual
> malice or with actual intent to cause injury</u> in the
> performance of their official functions.  Except as
> provided in this subparagraph, officers and employees
> of the state or its departments and agencies shall not
> be subject to suit or liability, and no judgment shall
> be entered against them, for the performance or
> nonperformance of their official functions.  The
> provisions of this subparagraph shall not be waived.

Ga. Const. art. I, § 2, ¶ IX(d) (emphasis added).

Plaintiffs sued Defendant Jones in his individual capacity.

Defendant Jones's actions occurred during the course of his

employment with a state agency.  Pursuant to the Georgia

Constitution, Defendant Jones is entitled to official immunity

with respect to the state law claims against him in his capacity

as a state agency employee unless he negligently performed a

"ministerial" function or "act[ed] with actual malice or with

17

actual intent to cause injury in the performance of [his] official functions." Id.

b. Application

Plaintiffs do not allege that Defendant Jones acted with actual malice or with actual intent to cause injury. However, Plaintiffs do assert that Defendant Jones's instruction to DCH to climb the ladder and flip the switch was "ministerial." See Dkt. No. 23-1, at 9-10. It was not.

"[A] ministerial duty is 'simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty.'" Smith v. McDowell, 666 S.E.2d 94, 96 (Ga. Ct. App. 2008) aff'd, 678 S.E.2d 922 (Ga. 2009) (citing Murphy v. Bajjani, 647 S.E.2d 54 (Ga. 2007)). "[A] discretionary duty requires 'the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.'" McDowell, 666 S.E.2d 94, 96 (citing Murphy, 647 S.E.2d 54).

Plaintiffs assert that Defendant Jones "had an absolute, unqualified duty to obey the safety guidelines [from the School, District, and/or O.C.G.A. § 20-2-1185] that should have held

18

[his] instruction [to DCH] illegal." See Dkt. No. 23-1, at 10.
Plaintiffs further assert that Defendant Jones's failure to
comply with this alleged duty was a ministerial act. See id.
However, "a statutorily-mandated action is [not necessarily] the
equivalent of a ministerial act that deprives the actor of
official immunity if done negligently." Murphy, 647 S.E.2d at
57. In particular, the Supreme Court of Georgia has held that
"the mandated action set forth in O.C.G.A. § 20-2-1185 is a
discretionary duty rather than a ministerial duty." Id. at 57-
58; see also id. at 57 ("O.C.G.A. § 20-2-1185(a) is a textbook
example of the difference between statutorily-mandated action
and a ministerial act, as it clearly requires that action be
taken and sets forth parameters for the action to be taken, but
the action required is not 'simple, absolute, and definite,
arising under conditions admitted or proved to exist, and
requiring merely the execution of a specific duty' that is the
hallmark of a ministerial duty.").

Moreover, teachers engage in discretionary actions when
they supervise, monitor, and control students. Daniels v.
Gordon, 503 S.E.2d 72, 75 (Ga. Ct. App. 1998) ("[T]he general
task imposed on teachers to monitor, supervise, and control
students [is] a discretionary action which is protected by the

19

doctrine of official immunity." (citing Wright v. Ashe, 469 S.E.2d 268, 271 (Ga. Ct. App. 1996))). Defendant Jones used discretion in deciding that power to the welder should be restored immediately. He used discretion when he selected DCH, rather than himself or another instructor or student, to climb the ladder. He used discretion in not asking anyone to assist DCH or steady the ladder

The mere fact that alternative decisions could have prevented DCH's unfortunate injuries does not render Defendant Jones's decision ministerial. Decisions related to how to instruct and monitor his students and equipment were within Defendant Jones's professional judgment. Such decisions were not "simple, absolute, and definite." Murphy, 647 S.E.2d at 57; see, e.g., Grammens v. Dollar, 697 S.E.2d 775 (Ga. 2010) (holding that, despite the fact that a school district policy required the use of eye protection during science experiments, science teacher was entitled to official immunity from harm to student's eye resulting from an experiment because the teacher's determination of whether the eye protection policy applied was discretionary). They depended on the circumstances within the classroom. Thus, Defendant Jones's actions were discretionary. As such, Defendant Jones is entitled to official immunity from

AO 72A
(Rev. 8/82)

Plaintiffs' state law claims against him in his individual capacity. Consequently, those claims are **DISMISSED**.

## VI. CONCLUSION

Plaintiffs' federal law claims fail to state claims upon which relief can be granted. Thus, those claims are **DISMISSED**. Moreover, the District is entitled to sovereign immunity and Defendant Jones is entitled to official immunity with respect to Plaintiffs' state law claims. Thus, those claims are **DISMISSED**. Because Plaintiffs fail to state any claims upon which relief can be granted, Plaintiffs claims for damages are necessarily **DISMISSED**.

Accordingly, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint is **GRANTED**. Dkt. No. 18. The Clerk of Court is instructed to enter an appropriate judgment and close the case.

**SO ORDERED**, this 7th day of March, 2013.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)